UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 03, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: MANSFIELD OIL COMPANY OF
GAINESVILLE, INC., CONTRACT LITIGATION                MDL No. 2131

ORDER DENYING TRANSFER

**Before the entire Panel**[*]**:** Franchisees, which own and/or operate three gas stations in North Carolina,[1] have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of North Carolina. This litigation currently consists of three actions pending as follows: two actions in the Western District of North Carolina and an action in the Northern District of Georgia, as listed on Schedule A. Franchisor Mansfield Oil Co. of Gainsville, Inc. (Mansfield) opposes centralization and, alternatively, supports selection of the Northern District of Georgia as a transferee district.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. These actions, which are pending before only two judges, involve a relatively straightforward business dispute among a small number of related parties. While some factual overlap may exist in the actions regarding certain of the gas stations, movants have failed to convince us that any common factual questions presented by these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. We encourage the parties to employ various alternatives to transfer which may minimize the risk of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*]   Judge Hansen took no part in the decision of this matter.

[1]   WNC Stores, LLC; WNC Solo, Inc.; White's Solo, LLC; Andy P. Jordan; and Deborah Dupuis. Movants refer to themselves as "the Jordan entities."

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen[*] | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

**IN RE: MANSFIELD OIL COMPANY OF
GAINESVILLE, INC., CONTRACT LITIGATION**  MDL No. 2131

## SCHEDULE A

<u>Northern District of Georgia</u>

Mansfield Oil Co. of Gainesville, Inc. v. WNC Solo, Inc., et al., C.A. No. 2:09-108

<u>Western District of North Carolina</u>

Mansfield Oil Co. of Gainesville, Inc. v. Andy P. Jordan, et al., C.A. No. 1:09-205
WNC Stores, LLC, et al. v. Mansfield Oil Co. of Gainesville, Inc., C.A. No. 2:09-33